United States District Court
Southern District of Texas
**ENTERED**
August 10, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARMANDO ROBERTO GUERRA VASQUEZ, | § § § | |
| Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. H-26-0860 |
| GRANT DICKEY, et al., | § § § | |
| Respondents. | § § | |

## MEMORANDUM OPINION AND ORDER

Armando Roberto Guerra Vasquez ("Petitioner"), a citizen of Cuba, entered the United States without inspection on March 11, 2022.[1]  On March 17, 2022, Petitioner was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled."[2]  On January 5, 2026, Petitioner was taken into Immigration and Customs Enforcement custody.[3]  Petitioner remains in immigration custody.[4]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act and

---

[1]Emergency Verified Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order and Preliminary Injunction  ("Habeas Petition"), Docket Entry No. 1, p. 3 ¶ 9; Response to the Emergency Verified Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order and Preliminary Injunction and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 5, p. 2.

[3]Id.

[4]Id.

due process.[5]  Petitioner also argues that his warrantless arrest violated the Fourth Amendment.[6]

Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5).  Respondents argue that Petitioner's detention under § 1225(b)(2) does not violate due process because he is an applicant for admission.[7]  Petitioner has filed a reply.[8]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2).  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026).   This mandatory detention does not violate substantive or procedural due process.  As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)).  Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Moreover,  as explained in Portillo v. Tate, Civil Action No. H-26-0158 (S.D. Tex. Feb. 25, 2026), Petitioner's Fourth Amendment claim is foreclosed because it relies on the assertion that the Government lacks the authority to detain him under § 1225.

_____

[5]Habeas Petition, Docket Entry No. 1, pp. 6–7 ¶¶ 22–30.

[6]Id. at 5 ¶¶ 18–21.

[7]Respondents' MSJ, Docket Entry No. 5, p. 1.

[8]Petitioner's Reply to Respondent's Response and Opposition to Motion for Summary Judgment, Docket Entry No. 6.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED,** and Petitioner's Emergency Verified Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order and Preliminary Injunction (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 10th day of August, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE